IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD LADEWIG,

    Plaintiff,

v.

GREEN DAY CONSTRUCTION,
ALLBRIGHT CONSTRUCTION, LLC, and
SCOTT ALLBRIGHT,

    Defendants.

Case No.

JURY TRIAL DEMANDED

## COMPLAINT

### Introduction

1. This is an action for unpaid overtime wages and for unpaid wages due upon separation brought by plaintiff Richard Ladewig, a construction worker, against his employer, defendant Green Day Construction, a business entity operating as the assumed name for defendant Allbright Construction, LLC, controlled by defendant Scott Allbright, pursuant to the provisions of the federal Fair Labor Standards Act, 29 U.S.C. section 201 *et seq.* ("the FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction because plaintiff has asserted a claim arising under federal law pursuant to the provisions of the FLSA. Accordingly, the Court has jurisdiction over the subject matter of this action under 29 U.S.C. section 216(b) and 28

U.S.C. section 1331. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

3. Venue is proper in this District because the unlawful employment practices described herein were committed in the Northern District of Illinois and all parties are residents of the Northern District of Illinois. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. section 1391(b).

Parties

4. Plaintiff Richard Ladewig ("Ladewig") is an Illinois resident who resides in the Northern District of Illinois and was employed as a construction worker by defendant Green Day Construction from approximately 2015 to approximately March, 2017.

5. Defendant Green Day Construction is a construction company operating in the Northern District of Illinois. Defendant Green Day Construction was plaintiff's employer within the meaning of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. Defendant Green Day Construction was an employer or joint employer of plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. section 203(d). Defendant Green Day Construction has been an enterprise engaged in interstate commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. section 203(s)(1).

6. Defendant Allbright Construction LLC is an Illinois corporation which operates Green Day Construction as an assumed name. Defendant Allbright Construction LLC was plaintiff's employer within the meaning of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. Defendant Allbright Construction LLC was an employer or joint employer of plaintiff within the

meaning of Section 3(d) of the FLSA, 29 U.S.C. section 203(d). Defendant Allbright Construction LLC has been an enterprise engaged in interstate commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. section 203(s)(1).

7. On information and belief, defendant Scott Allbright owns and operates defendant Green Day Construction and defendant Allbright Construction LLC and is responsible for their operations. He controls and is responsible for the actions of the other defendants described herein and is deemed an employer of plaintiff pursuant to the provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/13.

## Facts

8. Plaintiff Ladewig worked for defendants as a construction laborer from approximately 2015 to approximately March, 2017.

9. During the time that he worked for defendants, plaintiff regularly worked more than forty (40) hours per week. Most weeks he worked more than forty (40) hours in the week.

10. Despite working more than 40 hours in the week, plaintiff Ladewig was not paid by defendants time-and-a-half for the hours he worked more than 40 hours per week, as required by the FLSA, 29 U.S.C. section 207(a)(2) and the Illinois Minimum Wage Law, 820 ILCS 105/4a.

11. As a result of defendants' failure to pay plaintiff Ladewig overtime pay, defendants owe plaintiff Ladewig thousands of dollars in unpaid overtime wages.

12. Upon plaintiff Ladewig's separation from employment with defendants, defendants failed to pay the wages that were then due and owing to plaintiff, as required by the Illinois Wage Payment and Collection Act, 820 ILCS 115/5.

## COUNT I – FLSA ACTION BROUGHT AGAINST GREEN DAY CONSTRUCTION AND ALLBRIGHT CONSTRUCTION, LLC

13. Plaintiff re-alleges and incorporates by reference paragraphs 1-12 of this Complaint as paragraphs 1-12 of this Count I.

14. By failing to pay the overtime wages due to plaintiff Ladewig, defendants took from him wages due to him and violated the provisions of the FLSA, 29 U.S.C. section 207(a)(2).

15. Under the provisions of the FLSA, defendants Green Day Construction and Allbright Construction, LLC are liable to plaintiff Ladewig for his unpaid overtime wages, an equal amount for liquidated damages, and reasonable attorney's fees and costs.

## COUNT II – ILLINOIS MINIMUM WAGE LAW BROUGHT AGAINST GREEN DAY CONSTRUCTION AND ALLBRIGHT CONSTRUCTION, LLC

16. Plaintiff re-alleges and incorporates by reference paragraphs 1-15 of this Complaint as paragraphs 1-15 of this Count II.

17. By failing to pay the overtime wages due to plaintiff Ladewig, defendants took from him wages due to him and violated the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

18. Under the provisions of the Illinois Minimum Wage Law, defendants Green Day Construction and Allbright Construction, LLC are liable to plaintiff Ladewig for his unpaid overtime wages, treble damages, five percent (5%) of those wages for each month that they have been unpaid, and reasonable attorney's fees and costs. 820 ILCS 105/12.

## COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT BROUGHT AGAINST ALL DEFENDANTS

19. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 of this Complaint as paragraphs 1-18 of this Count III.

20. By failing to pay the final wages owed to plaintiff Ladewig upon his termination by defendants, defendants violated the provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/5.

21. At all times relevant hereto, the Illinois Wage Payment and Collection Act, 820 ILCS 115/14 has provided that an employer that fails to pay final wages to an employee shall owe, in addition to those wages, an amount equal to two percent (2%) of those wages for every month they are unpaid and has provided that an employee not paid final wages may recover reasonable attorney's fees and costs in a civil action.

WHEREFORE, plaintiff Richard Ladewig prays for judgment against defendants Green Day Construction, Allbright Construction, LLC, and Scott Allbright:

(a) an accounting and records showing the number of hours worked per week by plaintiff Richard Ladewig;

(b) payment of the unpaid overtime wages owed to plaintiff Ladewig, owed by all defendants;

(c) an equal amount paid to plaintiff Ladewig as liquated damages under the FLSA, owed by Green Day Construction and Allbright Construction, LLC;

(d) treble damages due under the Illinois Minimum Wage Law, owed by Green Day Construction and Allbright Construction, LLC;

(e) five percent (5%) of the amount of unpaid overtime wages for each month they have been unpaid due under the Illinois Minimum Wage Law, owed by Green Day Construction and Allbright Construction, LLC;

(f) unpaid final overtime wages owed to plaintiff Ladewig, owed to him under the Illinois Wage Payment and Collection Act by all defendants;

(g) two percent (2%) of the amount of unpaid overtime wages for each month they have been unpaid due under the Illinois Wage Payment and Collection Act, owed by all defendants;

(h) pre-judgment and post-judgment interest, owed by all defendants;

(i) reasonable attorney's fees, expenses, and costs, owed by all defendants; and

(j) such other relief as the Court shall find just.

PLAINTIFF DEMANDS TRIAL BY JURY

By: /s/ Paul Strauss
Attorney for plaintiff Richard Ladewig

Paul Strauss
5525 S. Woodlawn Ave.
Chicago, IL 60637
(773) 551-5350
pstr1968@gmail.com
IL ARDC No. 6181436